**NATIONAL LABOR RELATIONS BOARD**

v.

**SOUTHERN SILK MILLS, Inc.**

**No. 11898.**

United States Court of Appeals, Sixth Circuit.

March 5, 1954.

George J. Bott, A. Norman Somers, and Frederick U. Reel, Washington, D. C., for petitioner.

Frantz, McConnell & Seymour, Knoxville, Tenn., Harold M. Humphreys, Chattanooga, Tenn., and Robert Kemmer, Spring City, Tenn., for respondent.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

PER CURIAM.

■ Respondent's petition for rehearing relies strongly upon N. L. R. B. v. Local Union No. 1229, International

Brotherhood of Electrical Workers, 346 U.S. 464, 74 S.Ct. 172, decided December 7, 1953, which was not cited to the Court at the argument of this case on December 15, 1953. We are of the opinion that it does not control the ruling in this case. In that case the Court held that acts of disloyalty on the part of employees constituted sufficient cause for discharge because of the inherent nature of the act, likening such conduct to physical violence, insubordination, and breach of contract, which are recognized grounds for lawful discharge. A peaceful, temporary work stoppage in protest against working conditions is not of the same character. N. L. R. B. v. Kennametal, Inc., 3 Cir., 182 F.2d 817, 19 A.L.R.2d 562.

Respondent's reliance upon International Union, United Automobile Workers v. Wisconsin Employment Relations Board, 336 U.S. 245, 69 S.Ct. 516, 93 L.Ed. 651, is, in our opinion, answered by the Court's later analysis of that case in International Union of United Automobile, Aircraft and Agricultural Implement Workers v. O'Brien, 339 U.S. 454, at page 459, 70 S.Ct. 781, 94 L.Ed. 978, heretofore cited in our order.

The evidence does not sustain respondent's contention that the discharged employees ceased work to win unstated ends. Management was advised of the reason for the stoppage and gave no satisfactory response.

In our opinion, the evidence sustains the conclusion of the Board that management knew of the union activity prior to the discharges. See testimony of witnesses J. C. Strader, Charlie Knox, Burch Fisher, Luther Price, Gordon Price, Virdie Fairchild, and Roselle Starring. The Board was authorized to make reasonable deductions from this testimony. N. L. R. B. v. Ford, 6 Cir., 170 F.2d 735, at page 739.

There was no obligation on the part of respondent to pay the discharged employees for the time off from work consumed by the work stoppage. Their failure to punch the time clock was merely an incident of the work stoppage with no element of attempting to misrepresent to respondent that they were actually working when everybody knew they were not working. Under the circumstances, we consider it an infraction of the rules which played no material part in the discharge. N. L. R. B. v. Ford, supra, 170 F.2d at pages 738–739.

The petition for rehearing is denied.